UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:18-cv-00907-JLS-MAA | Date: October 27, 2021 |
| Title: Ulysses Franklin Moore v. George Jaime, Warden | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| | |
|---|---|
| James Muñoz | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Proceedings Should Not Be Dismissed for Failure to Prosecute

**Background**

On April 30, 2018, the Court received Petitioner Ulysses Franklin Moore's *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.)  The initial Petition raised the following two claims:  (1) a gang expert's reliance on hearsay as the basis for his opinion violated Petitioner's Sixth Amendment Confrontation Clause rights; and (2) the trial court's limitations on defense evidence violated Petitioner's Sixth and Fourteenth Amendment rights to present a complete defense.  (*Id.* at 5–6.)

On September 5, 2019, Petitioner filed his First Amended Petition ("FAP").  (FAP, ECF No. 38.)  The FAP raised the following seven claims:  (1) a Sixth Amendment Confrontation Clause claim; (2) a Sixth Amendment ineffective assistance of counsel claim based on former counsel's "failure to object at a critical stage of proceedings"; (3) another ineffective assistance claim against trial and appellate counsel raising several sub-claims including counsel's failure to preserve evidence for DNA testing, failure to file a *Pitchess* motion for the prosecutor's gang expert, failure to identify perjury and conflicting statements by prosecution witnesses, and failure to contest irrelevant evidence or introduce helpful evidence; (4) a Double Jeopardy Clause claim challenging Petitioner's sentence because a single aggravating factor was used against Petitioner twice; (5) a claim alleging misconduct by the investigating police officers, resulting in the introduction of false identification evidence and exclusion of favorable evidence; (6) prosecutorial misconduct, including introduction of false evidence; and (7) trial judge abuse of discretion in permitting evidence.  (*Id.* at 1–2, 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:18-cv-00907-JLS-MAA						Date:  October 27, 2021

Title:     Ulysses Franklin Moore v. George Jaime, Warden

On October 14, 2019, Respondent filed a motion to dismiss the FAP on the ground that Petitioner's claims were procedurally defaulted.  (ECF No. 40.)  On November 18, 2019, Petitioner filed his Opposition.  (ECF No. 42.)

On December 16, 2019, Petitioner moved to amend to raise a resentencing claim.  (ECF No. 43.)  In a December 20, 2019 Order, the Court invited Petitioner to file a proposed amended petition.  (Dec. 20, 2019 Order, ECF No. 44.)  The Court stated as follows:  "The proposed amended petition shall be complete including exhibits and shall not refer to any prior pleading or filing in this case.  If Petitioner fails to timely file a proposed amended petition, the Court will assume Petitioner seeks to prosecute the resentencing claim articulated in the MTA in addition to the claims pleaded in the FAP."  (*Id.* at 2.)

On January 16, 2020, Petitioner filed a proposed amended petition.  (ECF No. 45.)  Respondent declined to file a response, and the Court granted leave to amend.  (ECF No. 46.)  Petitioner's proposed amended petition was filed as the Second Amended Petition ("SAP").  (SAP, ECF No. 47.)  The SAP raised only one claim:  that the state courts violated Petitioner's Fourteenth Amendment rights in denying resentencing pursuant to California Senate Bill 1393.  (*Id.* at 5.)

On March 4, 2020, Respondent filed a Motion to Dismiss the SAP as non-cognizable on the ground that Petitioner's resentencing claim relied only on state law ("Motion to Dismiss").  (Mot. to Dismiss, ECF No. 48.)  The case eventually was dismissed on January 4, 2021 based on Petitioner's failure to file an Opposition.  (January 4, 2021 Order, ECF No. 53.)  However, on March 24, 2021, the Court granted Petitioner's January 20, 2021 Motion to Reopen.  (See Mar. 24, 2021 Order, ECF No. 58; see also Jan. 20, 2021 Mot. to Reopen, ECF No. 55.)  The Court ordered Petitioner to file his Opposition to the Motion to Dismiss by no later than April 28, 2021.  (Mar. 30, 2021 Order, ECF No. 59.)

On April 15, 2021, the Court received and filed Petitioner's document entitled "Ex Parte Motion to Dismiss pursuant to F.R.C.P. 41" ("April 15 Motion").  (Apr. 15, 2021 Mot., ECF No. 62.)  In this April 15 Motion, Petitioner stated that he agrees with Respondent that the resentencing claim raised in his SAP is not cognizable on federal habeas review, and moves to voluntarily dismiss this claim.  (*Id.* at 1.)  However, Petitioner also "move[d] the Court to entertain the remaining issue[s] that [] Petitioner had already place[d] before the Court prior to the amended petition."  (*Id.*)  Petitioner further "ask[ed] the Court to inform [] [R]espondent to answer the other issues."  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:18-cv-00907-JLS-MAA                                           Date:  October 27, 2021

Title:  Ulysses Franklin Moore v. George Jaime, Warden

On May 7, 2021, the Court ordered Petitioner to file a Third Amended Petition ("TAP") raising the claims that Petitioner seeks to pursue in these proceedings, explaining that Petitioner's initial Petition and FAP had been superseded by his SAP ("May 7 Order").  (May 7, 2021 Order, ECF No. 63.)  See C.D. Cal. L. R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseded pleading.")  Petitioner's TAP initially was on due on June 7, 2021.  (See id. at 3.)  On May 27, 2021, the Court granted Petitioner's extension request and extended the deadline for filing the TAP to July 23, 2021.  (ECF Nos. 64 (Request), 65 (Order).)

On August 12, 2021, this Court issued an Order to Show Cause why the proceedings should not be dismissed for failure to prosecute based on Petitioner's failure to file his TAP ("August 12 OSC").  (Aug. 12, 2021 Order, ECF No. 66.)  On August 23, 2021, the Court received and filed Petitioner's Request for a thirty-day extension of time in which to file his TAP ("August 23 Request").  (Aug. 23, 2021 Request, ECF No. 67.)  On August 25, 2021, the Court discharged the August 12 OSC and granted Petitioner's August 23 Request, ordering Petitioner to file his TAP no later than September 24, 2021.  (ECF No. 68.)

### Discussion

To date, Petitioner has not filed his TAP.  Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE** by no later than **November 26, 2021** why the Court should not recommend that the case be dismissed for lack of prosecution and failure to comply with court orders.  See Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1, 41-6.

**Failure to comply with this order by November 26, 2021 will result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.