# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ULYSSES FRANKLIN MOORE, JR.,

                Petitioner,

     v.

GEORGE JAIME, Warden,

                Respondent.

Case No. 5:18-cv-00907-JLS-MAA

**ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE**

## I.     INTRODUCTION AND BACKGROUND

On April 30, 2018, the Court received and filed Petitioner Ulysses Franklin Moore, Jr.'s ("Petitioner") *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  (Pet., ECF No. 1.)  The Petition raised the following two claims:  (1) a gang expert's reliance on hearsay as the basis for his opinion violated Petitioner's Sixth Amendment Confrontation Clause rights; and (2) the trial court's limitations on defense evidence violated Petitioner's Sixth and Fourteenth Amendment rights to present a complete defense. (*Id.* at 5–6.)[1]

---

[1] Pinpoint citations of filings in this Order refer to the page numbers appearing in the ECF-generated headers.

On September 5, 2019, the Court received and filed Petitioner's First Amended Petition ("FAP").  (FAP, ECF No. 38.)  The FAP raised the following seven claims:  (1) a Sixth Amendment Confrontation Clause claim; (2) a Sixth Amendment ineffective assistance of counsel claim based on former counsel's "failure to object at a critical stage of proceedings"; (3) another ineffective assistance claim against trial and appellate counsel raising several sub-claims including counsel's failure to preserve evidence for DNA testing, failure to file a *Pitchess* motion for the prosecutor's gang expert, failure to identify perjury and conflicting statements by prosecution witnesses, and failure to contest irrelevant evidence or introduce helpful evidence; (4) a Double Jeopardy Clause claim challenging Petitioner's sentence because a single aggravating factor was used against Petitioner twice; (5) a claim alleging misconduct by the investigating police officers, resulting in the introduction of false identification evidence and exclusion of favorable evidence; (6) prosecutorial misconduct, including introduction of false evidence; and (7) trial judge abuse of discretion in permitting evidence.  (*Id.* at 1–2, 4.)

The Court received and filed Petitioner's operative Second Amended Petition ("SAP") on February 19, 2020.  (SAP, ECF No. 47.)  The SAP raised only one claim:  that the state courts violated Petitioner's Fourteenth Amendment rights in denying resentencing pursuant to California Senate Bill 1393.  (*Id.* at 5.)

On March 4, 2020, Respondent filed a Motion to Dismiss the SAP as non-cognizable on the ground that Petitioner's resentencing claim relied only on state law ("Motion to Dismiss").  (Mot. to Dismiss, ECF No. 48.)  The case eventually was dismissed on January 4, 2021 based on Petitioner's failure to file an Opposition.  (January 4, 2021 Order, ECF No. 53.)  However, on March 24, 2021, the Court granted Petitioner's January 20, 2021 Motion to Reopen.  (See Mar. 24, 2021 Order, ECF No. 58; *see also* Jan. 20, 2021 Mot. to Reopen, ECF No. 55.)  The

1   Court ordered Petitioner to file his Opposition to the Motion to Dismiss by no later
2   than April 28, 2021.  (Mar. 30, 2021 Order, ECF No. 59.)

3          On April 15, 2021, the Court received and filed Petitioner's document
4   entitled "Ex Parte Motion to Dismiss pursuant to F.R.C.P. 41" ("April 15 Motion").
5   (Apr. 15, 2021 Mot., ECF No. 62.)  In his April 15 Motion, Petitioner stated that he
6   agrees with Respondent that the resentencing claim raised in his SAP is not
7   cognizable on federal habeas review, and moves to voluntarily dismiss this claim.
8   (*Id.* at 1.)  However, Petitioner also "move[d] the Court to entertain the remaining
9   issue[s] that [] Petitioner had already place[d] before the Court prior to the amended
10  petition."  (*Id.*)  Petitioner further "ask[ed] the Court to inform [] [R]espondent to
11  answer the other issues."  (*Id.*)

12         On May 7, 2021, the Court ordered Petitioner to file a Third Amended
13  Petition ("TAP") raising the claims that Petitioner seeks to pursue in these
14  proceedings, explaining that Petitioner's initial Petition and FAP had been
15  superseded by his SAP ("May 7 Order").  (May 7, 2021 Order, ECF No. 63.)  *See*
16  C.D. Cal. L. R. 15-2 ("Every amended pleading filed as a matter of right or allowed
17  by order of the Court shall be complete including exhibits.  The amended pleading
18  shall not refer to the prior, superseded pleading.")  Petitioner's TAP initially was on
19  due on June 7, 2021.  (*See id.* at 3.)  On May 27, 2021, the Court granted
20  Petitioner's extension request and extended the deadline for filing the TAP to July
21  23, 2021.  (ECF Nos. 64 (Request), 65 (Order).)

22         On August 12, 2021, this Court issued an Order to Show Cause why the
23  proceedings should not be dismissed for failure to prosecute based on Petitioner's
24  failure to file his TAP ("August 12 OSC").  (Aug. 12, 2021 OSC, ECF No. 66.)  On
25  August 23, 2021, the Court received and filed Petitioner's Request for a thirty-day
26  extension of time in which to file his TAP ("August 23 Request").  (Aug. 23, 2021
27  Request, ECF No. 67.)  On August 25, 2021, the Court discharged the August 12

28

1  OSC and granted Petitioner's August 23 Request, ordering Petitioner to file his
2  TAP no later than September 24, 2021.  (ECF No. 68.)

3       On October 27, 2021, the Court issued another Order to Show Cause why the
4  proceedings should not be dismissed for failure to prosecute based on Petitioner's
5  failure to file his TAP ("October 27 OSC").  (Oct. 27, 2021 OSC, ECF No. 69.)
6  The Court warned Petitioner that "**[f]ailure to comply with this order by**
7  **November 26, 2021 will result in a recommendation that this action be**
8  **dismissed for failure to prosecute and for failure to comply with court orders**
9  **pursuant to Federal Rule of Civil Procedure 41(b)."**  (*Id.* at 3 (emphasis in
10 original).)

11      To date, Petitioner has not responded to the October 27 OSC and has not
12 filed his TAP.

13

14 **II.    ANALYSIS**

15      **A.    Legal Standard**

16 Central District of California Local Rule 7-12 provides in pertinent part:

17      The Court may decline to consider any memorandum or other
18      document not filed within the deadline set by order or local rule.  The
19      failure to file any required document, or the failure to file it within the
20      deadline, may be deemed consent to the granting or denial of the
21      motion . . . .

22 C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995)
23 (affirming dismissal on the basis of an unopposed motion pursuant to local rule).

24      In addition, district courts may dismiss cases *sua sponte* for failure to
25 prosecute or for failure to comply with a court order under Federal Rule of Civil
26 Procedure 41(b).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683,
27 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)
28 (holding that federal district courts have "inherent power" to dismiss cases *sua*

4

*sponte* for lack of prosecution).  Unless the Court states otherwise, a dismissal under Rule 41(b)—other than for lack of jurisdiction, improper venue, or failure to join a party—operates as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).  Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (quotation marks omitted)).

Before dismissing an action for failure to follow a local rule, failure to prosecute, or failure to comply with a court order, a district court must weigh five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53–54 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (failure to follow a local rule); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or failure to comply with a court order).  The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

///

///

///

///

///

///

5

**B.**    **The Factors Support Dismissal.**

1.    <u>The Public's Interest in Expeditious Resolution and the Court's</u>
<u>Need to Manage its Docket</u>

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed his TAP or a response to the Court's October 27 OSC. Indeed, Petitioner has not communicated with the Court since August 23, 2021. The Court concludes that Petitioner's failure to comply with Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's

---

[2] Courts usually review the first factor in conjunction with the second factor. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

1  judgment about when a delay becomes unreasonable 'because it is in the best

2  position to determine what period of delay can be endured before its docket becomes

3  unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451

4  (9th Cir. 1994))).  For these reasons, the first and second factors favor dismissal.

5

6              2.  Risk of Prejudice to Respondent

7          The third factor also supports dismissal without prejudice.  The risk of

8  prejudice to a respondent is related to a petitioner's reason for failure to prosecute an

9  action.  *See Pagtalunan*, 291 F.3d at 642.  As Petitioner has not communicated with

10  the Court since August 23, 2021, he has offered no reason for failing to file his TAP

11  or a response to the Court's October 27 OSC.  The absence of any reason indicates

12  sufficient prejudice to Respondent.  *See Yourish*, 191 F.3d at 991–92 (holding that a

13  paltry excuse for default indicates sufficient prejudice to the defendants); *see also*

14  *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a

15  presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

16

17              3.  Availability of Less Drastic Alternatives

18          The fourth factor also supports dismissal without prejudice.  "Warning that

19  failure to obey a court order will result in dismissal can itself meet the

20  'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229

21  (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991)

22  ("Moreover, our decisions also suggest that a district court's warning to a party

23  that his failure to obey the court's order will result in dismissal can satisfy the

24  'consideration of alternatives' requirement.")).   In its October 27 OSC, the Court

25  warned Petitioner that the Petition would be dismissed if he did not respond to the

26  OSC or file his TAP by November 26, 2021.  (Oct. 27, 2021 OSC at 3.)  Despite

27  being afforded 30 days to comply, Petitioner failed to respond to the OSC.

28

4.  <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

The fifth factor weighs against dismissal.  "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399).  On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*  (citations omitted).  Thus, this factor alone does not preclude dismissal.

**C.    Dismissal of this Action is Appropriate.**

As discussed above, Petitioner's failure to comply with Court orders and failure to prosecute this action constitute unreasonable delay.  In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

The Court concludes that dismissal of this action for failure to comply with Court orders and failure to prosecute is warranted.  However, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that (1) the Petition is **DISMISSED without prejudice** failure to comply with a court order and failure to prosecute, (2) Respondent's Motion to Dismiss is **DENIED** as moot, and (3) the Clerk is directed to enter judgment dismissing this action without prejudice.

**IV.   CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court has considered whether a certificate of appealability is warranted.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED:  February 03, 2022

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE